IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>**APPROVED FORM OF SHORT FORM COMPLAINT** |
| This applies to:<br><br>Linda M. Durant<br><br>Plaintiff,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc.<br><br>Defendants. | **JURY TRIAL DEMAND** |

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in *In Re*: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211.[1,2] Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action.

---

[1] Attached as Exhibit A is a copy of Plaintiffs' Master Long Form Complaint in *In re*: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272.
[2] Attached as Exhibit B is a copy of the "Stipulated Order By Agreement Re: Short Form Complaint And Short Form Complaint Procedure", dated March 23, 2012.

1

Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, Linda M. Durant, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Linda M. Durant is a resident and citizen of Ohio and claims damages as set forth below.

5. ~~Plaintiff's Spouse _____, is a resident and citizen of [state] _____, and claims damages as a result of loss of consortium.~~

6. Plaintiff was born on February 9, 1967.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate~~

2

of] ~~_____.   [Cross out if Not Applicable] A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent~~.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her left knee on or about January 29, 2010 at Mercy Medical Center, by Dr. John N. Riester.

9. Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

> \_\_\_\_\_ Zimmer NexGen LPS-Flex
>
> \_\_\_\_\_ Zimmer NexGen CR-Flex
>
> \_\_X\_\_ Zimmer NexGen GSF LPS-Flex
>
> \_\_\_\_\_ Zimmer NexGen GSF CR-Flex
>
> \_\_\_\_\_ Zimmer NexGen MIS Tibia

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on December 17, 2010, at Mercy Medical Center by Dr. John N. Riester.

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 1445 Rachel St. N.W. Apt 82 Canton, OH 44709.

13. The defendants, by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

> _X_ injury to herself/himself
>
> ___ injury to the person represented
>
> ___ wrongful death
>
> ___ survivorship action
>
> _X_ economic loss
>
> ___ loss of services
>
> ___ loss of consortium

15. Neither Plaintiff nor her physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog numbers 00-5764-015-51 (femoral), 00-5980-047-01 (tibial), 00-5962-040-10 (articular surface) and 00-5972-066-29 (patellar); and lot numbers 61323580 (femoral), 61313303 (tibial), 61372274 (articular surface) and 61183407 (patellar).

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

18. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_____        COUNT I (a) ZIMMER LPS-FLEX;

_____        COUNT I (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_        COUNT I (c) ZIMMER GSF LPS-FLEX;

_____        COUNT I (d) ZIMMER GSF CR-FLEX;

_____        COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_____        COUNT II (a) ZIMMER LPS-FLEX;

_____        COUNT II (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_        COUNT II (c) ZIMMER GSF LPS-FLEX;

_____        COUNT II (d) ZIMMER GSF CR-FLEX;

_____        COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

_____        COUNT III (a) ZIMMER LPS-FLEX;

_____        COUNT III (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_        COUNT III (c) ZIMMER GSF LPS-FLEX;

_____        COUNT III (d) ZIMMER GSF CR-FLEX;

_____        COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV -NEGLIGENCE**

_____	COUNT IV (a) ZIMMER LPS-FLEX;

_____	COUNT IV (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_	COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____	COUNT IV (d) ZIMMER GSF CR-FLEX;

_____	COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT V – NEGLIGENT MISREPRESENTATION**

_____	COUNT V (a) ZIMMER LPS-FLEX;

_____	COUNT V (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_	COUNT V (c) ZIMMER GSF LPS-FLEX;

_____	COUNT V (d) ZIMMER GSF CR-FLEX;

_____	COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – EXPRESS WARRANTY**

_____	COUNT VI (a) ZIMMER LPS-FLEX;

_____	COUNT VI (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_	COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____	COUNT VI (d) ZIMMER GSF CR-FLEX;

_____	COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

_____	COUNT VI (a) ZIMMER LPS-FLEX;

_____	COUNT VI (b) ZIMMER CR-FLEX;

\_\_\_X\_\_\_	COUNT VI (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VI (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

Defendants breached the express warranty that the Products were safe and fit for use by consumers, that it was of merchantable quality, that its side effects were minimal and comparable to other knee replacement devices, and that it was adequately tested and fit for its intended use in violation of the following: Ohio Rev. Code Ann. § 1302.26.

**COUNT VII – BREACH OF IMPLIED WARRANTY**

  _____  COUNT VII (a) ZIMMER LPS-FLEX;

  _____  COUNT VII (b) ZIMMER CR-FLEX;

  \_\_\_X\_\_\_  COUNT VII (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VII (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

Defendants breached their implied warranty to Plaintiff in that the Products were not of merchantable quality, safe and fit for its intended use, or adequately tested, in violation of the following statutes: Ohio Rev. Code Ann. §§ 1302.27, *et seq*.

**COUNT VIII – REDHIBITION**

  _____  COUNT VIII (a) ZIMMER LPS-FLEX;

  _____  COUNT VIII (b) ZIMMER CR-FLEX;

  _____  COUNT VIII (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VIII (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

  _____  COUNT IX – LOSS OF CONSORTIUM

  _____  COUNT X – WRONGFUL DEATH

| | |
|---|---|
| _____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT XI - SURVIVAL ACTION |
| \_\_X\_\_ | COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: |
| | Ohio and applicable statute: Ohio Rev. Code Ann. §§ 1345.01 *et seq*. |
| \_\_X\_\_ | COUNT XIII – UNJUST ENRICHMENT |
| \_\_X\_\_ | COUNT XIV – PUNITIVE DAMAGES |

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION:

**COUNT XV– STRICT PRODUCT LIABILITY**

Plaintiff brings strict product liability claims under the common law, *Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third))* against Defendants.

**COUNT XVI – FRAUDULENT CONCEALMENT**

a) At all relevant times, Defendant concealed or omitted material information regarding the safety of the Product from consumers, including Plaintiff, and the medical and orthopaedic communities.

b) Defendants knew, or were reckless in not knowing, that the Product posed significant risks of causing severe and permanent injuries, and elected not to advise the medical and orthopaedic communities, Plaintiff, or other consumers of the Product's risks, and consequently placed its profits above the safety of Plaintiff and other consumers.

c) In its representations, Defendant fraudulently concealed and intentionally omitted material information about the Product's dangers from consumers, including Plaintiff.

d) Defendants knew, or were reckless in not knowing, that the Product causes dangerous prosthetic loosening and other severe and permanent injuries.

e) Defendants had sole access to material facts concerning the dangers and unreasonable risks of The Product.

f) Defendants willfully concealed material information regarding the dangers of the Product to induce consumers, including Plaintiff, to use the Product. Defendants' concealment of the defective nature of The Product and its dangerous risks caused Plaintiff to suffer damages.

g) Defendants were under a duty to disclose to Plaintiff, other consumers, and the medical and orthopaedic communities the defective nature of the Product, and the risks and dangers associate with its use.

h) As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff developed prosthetic loosening and was caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including additional surgeries.

i) In addition, Defendants' conduct in the marketing, advertising, promotion, distribution, and sale of the Product was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

j) As a direct and proximate result of the fraudulent concealment of the Defendants' actions and/or inactions as set forth in this complaint, Plaintiff was caused to suffer damages, including, but not limited to, pain, suffering, and loss in the quality of life, loss of society and comfort, loss of consortium and to incur related expenses, including, but not limited to, prescription medicines, medical hospital and nursing

costs as well as loss of earnings, diminution in earning capacity and/or other costs as proof will show, and the Plaintiff demands all damages to which the Plaintiff is entitled under the law in an amount deemed fair and reasonable, including interest, costs, attorney fees, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: July 23, 2012

                              Respectfully submitted,

                              **WEITZ & LUXENBERG, P.C.**
                              *Attorney for Plaintiff*

                              David L. Rosenband

                              WEITZ & LUXENBERG, P.C.
                              700 Broadway
                              New York, NY 10003
                              Telephone (212) 558-5915
                              Facsimile (212) 344-5461
                              drosenband@weitzlux.com